```
                                                                FILED
                                                          IN CLERK'S OFFICE
                                                      U.S. DISTRICT COURT E.D.N.Y.
UNITED STATES DISTRICT COURT                          ★  AUG 02 2010  ★
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                          BROOKLYN OFFICE
    ILYA KHEYN,
                                                      MEMORANDUM AND ORDER
                        Plaintiff,                    10-CV-3233 (SLT)
                                                      10-CV-3234 (SLT)
            -against-

    THE CITY OF NEW YORK; THE BROOKLYN
    DA's OFFICE; THE HOUSING COURT
    (Landlord-Tenant part),


                        Defendants.
-----------------------------------------------------------x

    NATALYA KHEYN,

                        Plaintiff,

            -against-

    THE CITY OF NEW YORK; THE BROOKLYN
    DA's OFFICE; THE HOUSING COURT
    (Landlord-Tenant part),


                        Defendants.
-----------------------------------------------------------x
```

**TOWNES**, United States District Judge:

Plaintiffs Ilya Kheyn and Natalya Kheyn, who appear to be husband and wife, filed these nearly identical actions on July 13, 2010. The Court grants plaintiffs' requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a), consolidates these matters solely for the purpose of this Order, but dismisses both actions for the following reasons.

### BACKGROUND

Plaintiffs' actions stem from a February 2009 holdover proceeding they filed against their

tenants for non-payment of rent in Kings County Civil Court, Housing Part. See Compls. at 1, L&T Index Number 05639252/09. Plaintiff Ilya Kheyn states that "[m]y tenants stopped paying rent for their 3 bedroom apartment in the sum of 1450 dollars including parking from December 1, 2008." Compl. 10-CV-3233 at 2. Plaintiff Natayla Kheyn further states that "[b]ecause the Judge Lansden was dragging this case for so long, we are behind with the mortgage payments for 24,000 dollars. I strongly believe that there was a bribe given by respondent attorney to the supervising Judge John S. Lansden." Compl. 10-CV-3234 at 2. Plaintiffs seek monetary damages.

## STANDARD OF REVIEW

In reviewing plaintiffs' complaints, the Court is mindful that because plaintiffs are proceeding *pro se,* their submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (citations omitted); Erickson v. Pardus, 551 U.S. 89, 94 (2007); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Moreover, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. See, e.g., Rene v. Citibank NA, 32 F.Supp.2d 539, 541-42 (E.D.N.Y.1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction).

## DISCUSSION

The subject matter jurisdiction of the federal courts is limited. The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Arbaugh v. Y & H Corp., 546 U.S.500, 126 S.Ct. 1235, 1244 (2006). Section 1331 provides for federal-question

jurisdiction, § 1332 for diversity of citizenship jurisdiction. Id. A plaintiff properly invokes § 1332 jurisdiction when he presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. Id. (citing § 1332(a)). The instant cases clearly lack diversity as the defendants are alleged to reside in the same city as the plaintiffs. The Supreme Court has held that "[i]n the absence of diversity of citizenship, it is essential to jurisdiction that a substantial federal question should be presented." Hagans v. Lavine, 415 U.S. 528, 537 (1974) (quoting Ex parte Poresky, 290 U.S. 30, 31-32 (1933)). Thus, if plaintiffs cannot present a substantial federal question, this Court lacks subject matter jurisdiction over their claims.

"A plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh, 126 S.Ct. at 1244 (citing Bell v. Hood, 327 U.S. 678, 681-85 (1946)). A claim invoking federal-question jurisdiction, however, "may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Id. at 1244 n. 10 (quoting Bell, 327 U.S. at 682-83).

Plaintiffs seek to have the Court intervene in their landlord-tenant action in state court regarding their tenant's holdover proceeding. However, this Court is without jurisdiction to grant plaintiffs the relief they seek as it is well settled that the landlord-tenant relationship is fundamentally a matter of state law. See Torres v. City of New York, No. 09-CV-1894, 2009 WL 1346396 (E.D.N.Y. May 13, 2009); Harris v. Dep't of Housing Preservation & Development, No. 07-CV-0067, 2007 WL 602299, at *2 (E.D.N.Y. Feb. 20, 2007) (citing Trang v. Concris Realty Co., No. 05-CV-544, 2005 WL 1398004 (E.D.N.Y. June 14, 2005); Bogle v. Henry, No. 06 CV 5310, 2006 WL 3335099, at *2 (E.D.N.Y. Oct. 13, 2006); McAllan v. Malatzky, No. 97 Civ. 8291, 1998 WL 24369,

3

at *2-3 (S.D.N.Y. Jan. 22, 1998) (no subject matter jurisdiction where plaintiff attempted to recloak his charges regarding a state housing court matter as a violation of his constitutional rights), aff'd, 173 F.3d 845 (table) (2d Cir. 1999); DiNapoli v. DiNapoli, No. 95 Civ. 7822, 1995 WL 555740, at *1 (S.D.N.Y. Sept. 19, 1995) (federal courts do not have subject matter jurisdiction over landlord-tenant matters).

## CONCLUSION

Accordingly, the complaints are dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/ SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
July 27, 2010